UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD SHARP, <br><br> Plaintiff, <br><br> v. <br><br> GRETCHEN and TASHA, <br><br> Defendants. | CAUSE NO. 1:24-CV-139-PPS-JEM |

OPINION AND ORDER

Richard Sharp, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Sharp, who is housed at the Allen County Jail, alleges he was denied medical treatment for a heart condition in February 2024. ECF 1 at 2-3. He asserts that, on February 9, when he was having difficulty breathing, a custody officer contacted medical staff and Nurses Gretchen and Tasha were sent to his cell. *Id*. at 2. When the nurses arrived at his cell, Sharp explained he could not breathe and used a defibrillator

for his heart condition. *Id*. The two nurses told him they did not bring a medical cart and gave him two blankets. *Id*.

On February 12, Sharp had another episode where he could not breathe, and Nurses Gretchen and Tasha were once again sent to his cell. *Id*. at 2. He told the nurses he needed his daily water pill to treat his lungs and, if he did not get the medication, he would not be able to breathe. *Id*. at 2-3. However, the nurses told him there was nothing wrong with him. *Id*. at 2. Sharp later filed grievances about the two February incidents. *Id*. at 3.

Because Sharp is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, I must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct

2

does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353.

In this case, Sharp has plausibly alleged that, on February 9, Nurse Gretchen and Nurse Tasha acted unreasonably by giving him blankets after he told them he could not breathe, had a heart condition, and used a defibrillator. On February 12, they again acted unreasonably when they told Sharp there was nothing wrong with him even though he was having difficulty breathing and asserted he needed his daily water pill to help him breathe. Therefore, giving Sharp the benefit of the inferences he is entitled to at this stage of the proceedings, he may proceed against Nurse Gretchen and Nurse Tasha on claims for constitutionally unreasonable medical care.

ACCORDINGLY, the court:

(1) GRANTS Richard Sharp leave to proceed against Nurse Gretchen and Nurse Tasha in their individual capacities for compensatory and punitive damages for denying him constitutionally unreasonable medical care on February 9, 2024, and February 12, 2024, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Gretchen and Nurse Tasha at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1);

(4) ORDERS Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Gretchen and Nurse Tasha to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 18, 2024

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT